MARY'S OPINION HEADING 








NO. 12-09-00275-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

SHANNON ROY
OLIVER,                               §                 APPEAL FROM THE 2ND

APPELLANT

 

V.                                                                       
§                  JUDICIAL DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                      
§                  CHEROKEE  COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

PER
CURIAM

Shannon Roy Oliver appeals his
conviction for assault.  Appellant’s
counsel has filed a brief asserting compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the appeal.

 

Background

Appellant pleaded guilty to the
offense of assault.  As charged, the offense was a third degree felony because
the indictment alleged that the victim was a public servant who was lawfully
discharging an official duty when he was assaulted.[1]
 Appellant entered
into a plea agreement with the State in which he would be placed on community
supervision for a period of seven years in exchange for admitting his guilt. 
Appellant also agreed to serve thirty days in jail as a condition of community
supervision, and the State agreed to dismiss a charge of evading arrest or
detention.  The trial court accepted the plea agreement and sentenced Appellant
on May 8, 2003.

In 2005, the State filed a motion
to adjudicate Appellant’s guilt in which it alleged that he was in violation of
the terms of his community supervision.  In response, the trial court modified
the terms of Appellant’s community supervision.  Specifically, the trial court
added a requirement that Appellant take all medications prescribed by his
physician and follow his physician’s instructions.  In April 2009, the State
again filed to adjudicate Appellant’s guilt.  The State alleged that Appellant
committed a new offense and had “failed to avoid injurious or vicious habits,”
each a violation of the terms of his community supervision.  Appellant pleaded
not true to the allegations, and the trial court held a hearing.  At the
conclusion of the hearing, the trial court found that Appellant had committed a
new offense, terminated his community supervision, and sentenced him to
imprisonment for four years.  This appeal followed.

 

Analysis Pursuant to Anders v. California

Appellant=s
counsel has filed a brief in compliance with Anders and Gainous. 
Counsel states that he has diligently reviewed the appellate record and that he
is well acquainted with the facts of this case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), counsel=s brief presents a
thorough chronological summary of the procedural history of the case and
further states that counsel is unable to present any arguable issues for
appeal.  See Anders, 386 U.S. at 745, 87 S. Ct. at 1400; see
also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L.
Ed. 2d 300 (1988).  We have likewise reviewed the record for reversible error
and have found none.

 

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and we dismiss this appeal.  See In re Schulman,
252 S.W.3d at 408-09 (“After the completion of these four steps, the court of
appeals will either agree that the appeal is wholly frivolous, grant the
attorney=s
motion to withdraw, and dismiss the appeal, or it will determine that there may
be plausible grounds for appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or he must file a pro se petition for discretionary
review. See In re Schulman, 252 S.W.3d at 408 n.22.  Any petition
for discretionary review must be filed within thirty days from the date of
either this opinion or the last timely motion for rehearing that was overruled
by this court.  See Tex. R. App.
P. 68.2.  Any petition for discretionary review must be filed with this
court, after which it will be forwarded to the Texas Court of Criminal Appeals
along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

Opinion delivered July 30, 2010.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] See Tex. Penal Code Ann. § 22.01(b)(1)
(Vernon Supp. 2009).